IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

vs.

ROPER RAY BLANKENSHIP,

Defendant.

CR 16-07-BLG-SPW-2

ORDER DENYING MOTION
FOR EARLY TERMINATION
OF SUPERVISION

On January 20, 2022, Ms. Blankenship filed a motion for early termination of her supervised release.   (Doc. 156.)   The United States objects to the motion.

Ms. Blankenship was sentenced on February 9, 2017 for a violation of 21 USC Section 846.   She was sentenced to the custody of the United States Bureau of Prisons for a period of 60 months, followed by a five-year term of supervised release. Ms. Blankenship began her term of supervised release on August 10, 2020.   Ms. Blankenship has had no formal revocations or violations of her supervised release.

18 U.S.C. § 3583(e) provides a court may, after considering several factors from § 3553(a), terminate a term of supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."   The Court looks at "the nature and circumstances of the offense and the history and characteristics of the defendant"; the need "to afford adequate deterrence

to criminal conduct," "to protect the public from further crimes of the defendant," and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"; the advisory Guideline range; any pertinent policy statement issued by the Sentencing Commission; sentencing disparities; and any outstanding restitution obligations. Section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), (a)(7). Most often, courts reserve early termination for defendants who exhibit "exceptionally good behavior" while on release. *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir.1997) (cited in *United States v. Smith*, 219 Fed. Appx. 666, 668 (9th Cir. 2007) (unpublished)).

At the time of Ms. Blankenship's sentencing, she had zero criminal history points and was a criminal history category I, according to the Presentence Report. (Doc. 137) The applicable guideline range was 87-108 months imprisonment with four years of supervised release to follow. The Court departed and varied downward from the sentencing guideline range and sentenced Ms. Blankenship to 60 months imprisonment, followed by five years of supervised release.

Ms. Blankenship was convicted of Conspiracy to Possess with Intent to Distribute Methamphetamine. She was also held responsible for possessing the two firearms that were located on two separate occasions while she was trafficking

methamphetamine.    Through text messages on her phone, Ms. Blankenship admitted the firearms belonged to her. The trafficking of methamphetamine while in the possession of firearms is a very serious offense with the very real potential for violence.

Ms. Blankenship has served just over 25% of her supervised release term.    It was the Court's intention that Ms. Blankenship would be on supervision in the community for a longer period of time than seventeen months to address her mental health and trauma issues, both of which were significant contributing factors to her substance abuse issues.   Obviously, Ms. Blankenship's substance abuse issues lead to her involvement in this crime.

After reviewing the nature and circumstances of the offense, Ms. Blankenship's criminal history and characteristics and her history while on supervision, the factors under 18 U.S.C. § 3553(a), and pursuant to 18 U.S.C. § 3583(e), the Court finds terminating Ms. Blankenship's supervised release this early would be inappropriate.   Ms. Blankenship is certainly making strides toward improving her life and the Court commends her for that effort.   However, given the serious nature of Ms. Blankenship's underlying crime and her mental health and substance abuse issues, the Court is not prepared to terminate her supervision at this time.   Accordingly,

IT IS HEREBY ORDERED that the Ms. Blankenship's motion (Doc. 156) is

DENIED.

The Clerk shall notify the parties and the U.S. Probation Office of this Order.


DATED this 11th day of February, 2022.

SUSAN P. WATTERS
United States District Judge